UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21564-CV-KING
MAGISTRATE JUDGE REID

MARCOS MANGUAL,

       Petitioner,

v.

STATE OF FLORIDA,

       Respondent.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on *pro se* Petitioner's Objections to Report and Recommendation [ECF No. 21], which the Court has liberally construed as a Motion to Alter or Amend Judgment filed pursuant to Fed. R. Civ. P. 60(b). [ECF No. 24]. This cause has been referred to the Undersigned for consideration and report. [ECF No. 31].

To briefly summarize, believing the Petitioner was challenging his judgment of conviction in Miami-Dade County Case No. F94-03569, this case was originally dismissed *sua sponte* for lack of jurisdiction because the Court determined that Petitioner was not in custody under that judgment. Upon further review of the record, both before and after the dismissal, Petitioner attempted to clarify that he was instead challenging his judgment of conviction in Miami-Dade County Case No. F15-026553, which the Court did have jurisdiction to consider.

Petitioner has now filed what he calls Objections to the Report and Recommendation, arguing that the Court misinterpreted his claims, and further clarifying that he is indeed seeking to challenge the 2015 case. Upon review of Petitioner's Objections, the Undersigned

**RECOMMENDS** that this case be **REOPENED**, and Petitioner be given leave to file an amended petition for writ of habeas corpus.

## II.      Discussion

The Court has construed Petitioner's Objections as a Motion to Alter or Amend Judgement filed pursuant to Fed. R. Civ. P. 60(b). Relevant here, under Rule 60(b), the Court may relieve Petitioner from a final judgment or order in this case if it was based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Here, Petitioner seeks relief from the Court's Final Order of Dismissal, which dismissed his Petition for Writ of Habeas Corpus for lack of jurisdiction. [ECF No. 11]. Notably, the Order of Dismissal dismissed the Petition "**WITHOUT PREJUDICE** to refile under the correct case number." [*Id*. at 2] (emphasis in original).

Petitioner's Objections can be liberally construed to ask the Court to set aside the Final Order of Dismissal so that Petitioner may file an amended petition for writ of habeas corpus referencing the correct case number the judgment he seeks to challenge. Such an action was permitted by the Court. However, reviewing the record in retrospect, mailing delays (both from the Court to Petitioner, and from Petitioner to the Court), imprecise language, and other technical difficulties that were exacerbated by Petitioner's *pro se* status, something has gone awry. As such, the Undersigned finds that there is sufficient evidence in the record to relieve Petitioner from the Final Order of Dismissal pursuant to Fed. R. Civ. P. 60(b)(1).

Alternatively, there is sufficient evidence to relieve Petitioner from the Final Order of Dismissal pursuant to Fed. R. Civ. P. 60(b)(6), because the Order of Dismissal expressly allowed for Petitioner to refile under the correct case number, but did not specify the mechanism to do so.

Because Petitioner has already filed this case, received *in forma pauperis* status, and because the parties and the Court have already expended considerable time and resources on this case, judicial economy dictates that Petitioner be allowed to refile an amended petition for writ of habeas corpus in this case, rather than require Plaintiff to take the unnecessary steps of filing a new case and waste additional time and resources for all involved.

### III.    Recommendations

Based on the above, it is **RECOMMENDED** that that this case be **REOPENED**, and Petitioner be given leave to file an amended petition for writ of habeas corpus challenging Miami-Dade County Case No. F15-026553.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020) (quoting 11th Cir. R. 3-1 (2016)); *see also* 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 18th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    **Marcos Mangual**
       195122
       Calhoun Correctional Institution
       Inmate Mail/Parcels
       19562 SE Institution Drive
       Blountstown, FL 32424
       *PRO SE*