UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-21564-KING
MAGISTRATE JUDGE REID

MARCOS MANGUAL,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

## AMENDED REPORT OF MAGISTRATE JUDGE

### I. Introduction

Petitioner, **Marcos Mangual**, has filed this *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction by a jury in Miami-Dade County Circuit Court, **Case No. F15-026553**. [ECF No. 41]. Upon review of the Petition, the State's Response, and all relevant documents in this case and the related state court cases, it is **RECOMMENDED** that this Petition [ECF No. 41] be **DENIED** on the merits.

### II. Petitioner's Claims

In this federal habeas case, as best as can be discerned, the *pro se* petitioner has asserted the following two claims:

> CLAIM ONE: Beginning with most recent (now) illegal habitualization sentence where the state used toxic/frauded past pleas/conviction to habitualize Petitioner. [ECF No. 41 at 6].

> CLAIM TWO: Petitioner is dealing/fighting his case against a methodical group/colleagues from the 3DCA Judge Rothenberg to the lower tribunal judges/att. [*Id.* at 8].

1

### III. Relevant Procedural History

On January 29, 2016, Petitioner was charged with one count of failure to register as a sexual predator or provide location pursuant to Florida Statutes § 775.21(6)(l) in **Case No. F15-26553** (the "2016 Conviction"). [ECF No. 46-1 at 174]. The State filed a Notice of Intention to Seek Enhanced Penalty as a Habitual Felony Offender pursuant to Florida Statutes § 775.084.[1] [*Id.* at 178].

Petitioner proceeded to trial and was adjudicated guilty. [*Id*. at 236, 238]. On November 3, 2016, he was sentenced to 111 months in state prison. [*Id.* at 263.]. Despite the State's Notice seeking an enhanced penalty as a habitual offender, the trial court declined to designate Petitioner as a habitual felony offender at sentencing. [ECF No. 47-4 at 71].

Petitioner appealed the conviction and sentence on November 21, 2016. [ECF No. 46-1 at 266]. He filed an Initial Brief claiming he "did not willfully fail to register his new address, as his unrebutted testimony established his good faith effort to notify the Sheriff's Office within 48 hours." [*Id.* at 276]. On April 4, 2018, the Third District Court of Appeal ("Third District") issued a *per curiam* affirmance of Petitioner's conviction with a mandate following shortly thereafter. [ECF No. 46-2 at 40].

On April 12, 2018, Petitioner filed a Notice of Discretionary Jurisdiction to the Florida Supreme Court raising several grounds for relief. [*Id.* at 44–45]. The Florida Supreme Court, however, dismissed Petitioner's case on April 20, 2018, for lack of jurisdiction. [*Id.* at 50].

---

[1] In previous cases, Petitioner had been adjudicated guilty of one count of attempted sexual battery on a minor, one count of false imprisonment, and two counts of lewd assault act (Case No. F94-35689) [*Id.* at 2]; was adjudicated guilty of one count of failing to register as a sexual offender (Case No. F10-28335) [*Id.* at 3]; pled no contest to three counts of failing to register as a sex offender (Case No. F11-23972) [*Id.* at 4]; pled no contest to five counts of failing to register as a sex offender (Case No. F13-473)[*Id.* at 5]; was adjudicated guilty of one count of failing to register as a sex offender (Case No. F13-7887) [*Id.* at 6]; and pled guilty to two counts of sexual predator failure to register and provide location (Case No. F14-21131) [*Id.* at 7]. Petitioner also unsuccessfully attempted to challenge his conviction in case F10-28335, alleging unconstitutional retroactive sanctions added to Petitioner's plea deal from case F94-35689 (Case No. 3D13-1126) [*Id.* at 5-6].

2

Although Petitioner continued to file pleadings [*Id.* at 52–53, 56–57, 61–65], after issuing an order notifying Petitioner that the "case is final in this Court and no further pleadings may be filed," on March 5, 2019, the Court finally struck another of Petitioner's pleading as unauthorized, restating that the case was final, and no further pleadings can be filed. [*Id.* at 59, 71–72, 74].

On April 18, 2019, the Petitioner filed an Initial Petition for Writ of Habeas Corpus before this Court, seemingly raising issues concerning his 1995 judgment and sentence under Case No. F94-35689. [ECF No. 45 at 33]. This Court dismissed the Petition on October 28, 2019. [ECF No. 11]. Upon reconsideration, however, this Court liberally construed Petitioner's initial filing to be a challenge to the 2016 conviction in Case No. F15-026553, and reopened the habeas case on February 23, 2021, granting leave for Petitioner to file an amended petition for Writ of Habeas Corpus challenging the 2016 conviction. [ECF No. 32, 33].

On April 16, 2021, Petitioner filed an "Amended Motion Habeas Corpus Ineffective Counsel and Illegal Habitualize Sentence" that was treated by this Court as a Memorandum. [ECF No. 41]. Petitioner then filed an Amended Petition for Writ of Habeas Corpus on April 20, 2021 raising claims discussed in Part II of this Report. [ECF No. 42]. The State filed its Response. [ECF No. 45].

**IV. Statute of Limitations**

The State argues that Petitioner's Amended Petition was filed after the expiration of the statutory period given to petitioners seeking federal habeas corpus review under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and 28 U.S.C. § 2244(d)(1). [ECF No. 45 at 35, 39]. Under AEDPA, Petitioners have a one-year period to seek federal habeas corpus review and relief. 28 U.S.C. § 2244(d)(1).  The one-year limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Florida courts have construed the statutory

meaning of "final judgment" to mean the potential judgment of the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002). As such, a petitioner's conviction becomes final ninety days after an issuance of judgment on direct appeal, during which petitioners may seek review from the United States Supreme Court. *Id.* at 774; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[u]nder Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal").

The one-year limitations period is tolled during the pendency of a properly filed state application for post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2). Under Florida Law, however, *per curiam* affirmances issued by the state appellate courts without an accompanying opinion are not reviewable by the Florida Supreme Court and any filing to the Florida Supreme Court based on such an affirmance does not count towards the statutorily tolled time. *Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006) (affirming district court's holding that appellant's habeas petition was time-barred where notice to the Florida Supreme Court was not "properly filed" since the order appealed from was *per curiam*).

Here, the State argues Petitioner's conviction became final on July 3, 2018, which was ninety days after the Third District's *per curiam* affirmance of Petitioner's judgment and sentence on April 4, 2018. [ECF No. 45 at 36]. The State further argues that Petitioner's attempt to invoke the discretionary jurisdiction of the Florida Supreme Court on April 12, 2018, had no tolling effect as the Third District's *per curiam* affirmance contained no opinion or legal analysis. [*Id.*]; *see also Bismark*, 171 F. App'x at 280. As such, the limitations clock stopped running upon Petitioner's initial filing of Petition for Writ of Habeas Corpus challenging the 1995 Case, 289 days after the Third District's affirmance of his conviction. [ECF No. 45 at 26]. This initial petition was dismissed on October 28, 2019, but this Court reopened the case on February 23, 2021, to allow Petitioner to file an amended petition challenging his 2016 conviction. [*Id.*] When the Amended

4

Petition was filed, more than a year had passed from the date on which Petitioner's conviction became final. [*Id.* at 37-38]. As a result, Petitioner's claims in his Amended Petition must "relate back" to those filed in the Initial Petition to be considered timely. [*Id.* at 37]. The State reasons that the claims raised in Petitioner's Amended Petition (listed in Part II) are not tied to a common core of operative facts as the claims raised in the Initial Petition. [*Id.* at 38]. "The Initial Petition dealt with cases for which Petitioner was no longer i[n] custody, whereas the Amended Petition deals with a case for which Petitioner is currently incarcerated." [*Id.*]. As such, the State argues that Petitioner's Amended Petition for Writ of Habeas Corpus is untimely and exceeds the one-year statutory limitations period. [*Id.* at 39]. According to the State, 1,022 days elapsed between the time Petitioner's judgment and sentence became final on July 3, 2018 and the day on which the Amended Petition was filed on April 20, 2021. [*Id.*]

Nevertheless, because, liberally construed, Petitioner's initial petition appeared to include a challenge to his 2016 state court conviction, this Court reopened the case, the claims are deemed timely under 28 U.S.C. § 2244(d)(1).

### V. Exhaustion

Issues raised in a federal habeas corpus petition must have been "fairly presented" to the state courts and thereby exhausted prior to their consideration on the merits. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *see also* 28 U.S.C. § 2254(b), (c); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007). This is because "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted). Both the factual substance

of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *Baldwin v. Reese*, 541 U.S. 27 (2004). Further, exhaustion requires review by both the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005).

In Florida, exhaustion is ordinarily accomplished on direct appeal. Alternatively, it may be accomplished by filing a Rule 3.850, Fla. R. Crim. P., motion and an appeal from its denial. *see Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (citations and quotations omitted). Or, in the case of a challenge to a sentence, through filing a Rule 3.800, Fla. R. Crim. P., motion and an appeal from its denial. *See Schlabach v. State*, 37 So. 3d 230, 232 (2010).

A petitioner is required to present his or her claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-277 (1971). To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F. 3d 1337, 1342 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal basis for his [or her] claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he [or she] relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a

somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1343–1344 (11th Cir. 2004) (citations omitted).

The State asserts that Petitioner's claims are procedurally defaulted because these arguments were not presented at the state court level and the deadline has now passed for filing these claims to the state court in a Rule 3.850 or Rule 3.800 motion. Petitioner's claims are difficult to decipher, however, complicating the ability to determine whether Petitioner has procedurally defaulted his claims. "When it appears that another issue is more 'easily resolvable against the habeas petitioner, whereas the procedural-bar issue involve[s] complicated issues of state law,' a federal court may avoid the procedural bar issue." *Muhammad v. Sec'y Fla. Dept. of Corr.,* 733 F.3d 1065, 1072 (11th Cir. 2013) (quoting *Lambrix v. Singletary,* 520 U.S. 518, 525 1997)). The "independent and adequate state ground doctrine is not technically jurisdictional when a federal court considers a state prisoner's petition for habeas corpus[.]" *Id*. (internal quotations omitted) (citation omitted). Because of the uncertainty in deciphering Petitioner's claims, the Undersigned will only briefly address the procedural bar issue, and fully discuss the merits of Petitioner's claims.

In reference to Claim One, the State argues Petitioner conceded in his Amended Petition that the claim was not fully exhausted before the State courts. [ECF Nos. 41 at 6; 45 at 41]. The State further argues Petitioner's claim is procedurally barred under Florida state law and incapable of state exhaustion due to being more than two years past Petitioner's final judgment and sentence. [ECF No. 45 at 41]; *see also* Fla. R. Crim. P. 3.850(b) ("No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence becomes final"). The State also reasons that Petitioner's claim is likewise procedurally barred from federal review. [ECF No. 45 at 41] (citing *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999) (affirming dismissal for writ of habeas corpus where state prisoner failed to raise federal claims in

state court post-conviction petition)). According to Florida law, a petitioner may escape such procedural default through showing cause for the default and prejudice, or through the establishment of a fundamental miscarriage of justice. *Bailey*, 172 F.3d at 1306. The State contends that Petitioner has not met the required standard to establish cause and prejudice nor a fundamental miscarriage of justice and thus, Petitioner's first claim is unexhausted and not reviewable at the federal level. [ECF No. 45 at 42].

Regarding Claim Two, the State similarly argues that Petitioner did not properly exhaust this claim in state court. [*Id.* at 44]. The State notes that Petitioner's claim is similar to claims raised in his initial brief challenging one of his 2013 convictions but were not raised in relation to Petitioner's current conviction and sentence.[2] [*Id.*]. The State argues that Petitioner did not raise this claim in his SC16-1247 petition for writ of habeas corpus named "Evidentiary Hearing Mandated"; 3D16-2606 direct appeal; SC16-1910 petition for writ of habeas corpus named "Amended Postconviction Relief Criminal Procedure Rule 3.987"; or SC18-603 Notice of Discretionary Jurisdiction. [*Id.* at 45].

As Petitioner has not raised this claim in any post-conviction arguments regarding the conviction at issue, Petitioner has not properly exhausted this claim for habeas review. [*Id.* at 44]. Furthermore, the State argues there are no procedural paths left for Petitioner to exhaust such a claim at the state court level and are thus similarly procedurally blocked at the federal level. [*Id.* at 45].

Because it is difficult to determine whether Petitioner has procedurally defaulted his claims, but it is clear that the claims themselves are meritless, the Undersigned will proceed to discuss the merits of Petitioner's claims.

---

[2] Third District Case No. 3D13-2401 stems from cases F94-35689 and F13-7887. Third District Case No. 3D14-341 stems from case F10-28335.

### VI. Merits of Petitioner's Claims

**A.  Claim One: Plaintiff's Allegation of Illegal Habitualization**

Petitioner's claim of "illegal habitualization" by the State through "toxic/frauded" means does not warrant habeas relief.

Section 2254(d) provides, in pertinent part, for claims adjudicated on the merits in state court, habeas corpus relief may only be granted if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Fugate v. Head*, 261 F.3d 1206, 1215–16 (11th Cir. 2001). Such claims, however, are not entitled to federal habeas relief if they are simply conclusory allegations without specifics or further explanation. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (explaining federal habeas relief is not warranted where a petitioner's claims are "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible").

Here, Petitioner's claims of being sentenced through "toxic/frauded past pleas/conviction[s]" and made into a "habitualize[d]" offender by the state are unsupported and conclusory. In the Amended Petition, Petitioner makes claims of "prevalent facts of illegal habitual conviction" being ignored by his attorney and accusations of fraud by the trial judge. [ECF No. 41 at 6]. Yet, Petitioner provides no clear explanations of which facts were ignored by his attorney nor does he bring forth any evidence regarding fraud from the trial court [*Id.*]. Further, Petitioner makes claims of witnessing the State using "fraudulent forged documents" during his trial but does not explain further. [ECF No. 42 at 2]. Petitioner also makes claims of being "mocked" by the judge during his past trials and more "forged" documentation being used against him. [*Id.* at 3].

These claims are not explained nor verified by any other source. Even when liberally construed, these allegations fail to satisfy the requirement of § 2254. Allowing such claims would likely encourage inmates to attempt to bring unsupported accusations in the hope of undermining their convictions. As such, these claims do not warrant habeas relief due to their conclusory and unsupported nature. *See Tejada*, 941 F.2d at 1559; *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1319 (11th Cir. 2016) (explaining that mere allegations do not warrant habeas relief).

Petitioner has also failed to show that the original state court adjudication resulted in a decision contrary to established federal law or shows an unreasonable application of federal law pursuant to § 2254(d). 28 U.S.C. § 2254(d)(1)–(2). Rather, the record refutes Petitioner's claims of being "illegally habitualized" or labeled as a habitual offender pursuant to § 775.084, Florida Statutes, regarding sentencing enhancement for repeat felony offenders. During Petitioner's November 3, 2016 sentencing hearing, the trial court stated, "[t]he finding I'm making is that [it] is not necessary for the protection of the community for me to sentence Mr. Mangual as a habitual felony offender." [ECF No. 47-4 at 71]. Further, Petitioner, in his own words, wrote "[n]ow that I am facing one hundred eleven months in prison, Judge de la O, had the decency to **not place me under habitual status** . . .." [ECF No. 46 at 260] (emphasis added). As such, the record shows that Petitioner was not victim of an "illegal habitualization" as the claim states.

The record does not support a determination that the state law adjudication involved an unreasonable application of or was contrary to federal law or was based upon an unreasonable determination of the facts. Accordingly, this claim does not merit habeas relief.

**B.  Claim Two: Petitioner's Claim of Judicial Collusion**

Petitioner here is alleging improper conduct between an attorney who was involved in Petitioner's Case No. F94-35689 and his "2010-2013" attorney, Louis Martinez. Petitioner

mentions that his 1994 attorney appeared at certain hearings in Petitioner's 2013 Case to meet with Mr. Martinez and entered the judge's chambers through a "back door." This claim does not merit habeas relief.

Like claim one, this assertion is conclusory and does not provide detailed facts or any evidence of the improper conduct purported to have occurred. Petitioner does not explain how the conduct of his previous attorney impacted his conviction nor does he explain how it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see also Tejeda*, 941 F.2d at 1559; *Jones*, 834 F.3d at 1319.

Also, his claim also does not relate to the case for which Petitioner is currently incarcerated. A court may only have jurisdiction to hear live cases or controversies pursuant to Art. III, § 2 of the Constitution. *Hernandez v. Wainwright¸* 796 F.2d 389, 390 (11th Cir. 1986). In the context of a habeas petition challenging custody, the release of the petitioner generally moots the habeas claims. *Chouinard v. United States Bureau of Prisons*, No. 08-20397-Civ-LENARD, 2008 U.S. Dist. LEXIS 49392 (S.D. Fla. June 24, 2008); *see also Lane v. Williams*, 455 U.S. 624 (1982).

Here the Petitioner claims that the improper conduct took place regarding his "2010–2013" attorney and cases. [ECF No. 41 at 8]. He is not currently incarcerated for these cases. Petitioner is currently incarcerated based on his 2016 conviction. Petitioner asserts that this claim applies to case "3D16-20606 [sic]" which, if taken to mean 3D16-2606, is the direct appeal of this case, the 2016 conviction, to the Third District. [*Id.*]. However, Petitioner makes no claim of such improper conduct in his Initial Brief of appeal to the Third District, nor does he raise the same claims as he does here. [ECF No. 47 at 272–286]. Therefore, Petitioner's claims are not related to the 2016

11

conviction and do not concern a "live case or controversy" that this Court has jurisdiction over.

Lastly, only claims that are related to a cause of Petitioner's detention may be stated as foundation for habeas relief. *Quince v. Crosby,* 360 F.3d 1259, 1261 (11th Cir. 2004). Here, Petitioner has not shown how the alleged meeting between Petitioner's 1994 counsel and 2013 counsel impacted his conviction and detention in the 2016 conviction.

Consequently, this claim does not merit habeas relief.

### VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying a petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration of the record, Petitioner has failed to demonstrate that reasonable jurists would differ, and this court should deny a certificate of appealability. Petitioner simply states conclusory allegations with no supporting evidence to back up such claims. Further, Petitioner's claims are either unrelated to his current incarceration status or have no basis in the record. As such, reasonable jurors would likely not differ on the district's court assessment of the constitutional claims at hand. Notwithstanding, if petitioner does not agree, petitioner may bring this argument to the attention of the district judge in objections.

### VIII. Recommendations

Based on the foregoing, it is **RECOMMENDED** that the Petition [ECF No. 41] be **DENIED** on the merits, no certificate of appealability be issued, and the case **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 8th day of March, 2022.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **Marcos Mangual**, *Pro Se*
        195122
        Okeechobee Correctional Institution
        Inmate Mail/Parcels
        3420 NE 168th Street
        Okeechobee, FL 34972

        **Brian Hernan Zack**
        State of Florida - Office of the Attorney General
        1 SE 3rd Avenue, Suite 900
        Miami, FL 33131
        Email: brian.zack@myfloridalegal.com